UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SVETLANA GRISHINA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-01648** |
| | ) | |
| **CHRISTOPHER BULLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Svetlana Grishina's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241, seeking an order of immediate release from detention. (Doc. No. 1). The Government has filed its Response. (Doc. No. 11). For the following reasons, and the reasons in the Court's November 2, 2026 Memorandum Opinion and Order (Doc. No. 14), the writ will be granted.

## I. Introduction

Grishina was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on October 19, 2026 while voluntarily appearing for a routine supervisory ICE check-in. (Doc. No. 1 at 2). Grishina is a native and citizen of Russia. She entered the United States through Mexico via the San Ysidro port of entry on February 22, 2023. (Id.) She received immigration parole. (Id.) Thereafter, she lived in the community for more than three and half years. (Id.) To date, she has no criminal arrests, charges, or convictions in the United States and has not missed ICE check-ins or violated reporting or supervision requirements. (Id.) Her parole expired on February 24, 2024. (Doc. No. 11 at 2–3). On April 2, 2026, she was ordered removed from the

United States to Russia by an Immigration Judge ("IJ"). (Id.) She then filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on April 20, 2026, which is pending decision. (Id.) ICE detained her on October 19, 2026, during a scheduled check-in at the Nashville ICE office.

Grishina filed this case seeking a writ of habeas corpus on October 19, 2026, claiming that her detention is unlawful because she was detained without advanced notice and without an opportunity to contest her detention. (Doc. No. 1 at 2). On October 20, 2026, Grishina filed an Emergency Motion for Temporary Restraining Order Enjoining Transfer Outside the Western District of Tennessee. (Doc. No. 4). The Court granted that motion, and had a hearing on November 2, 2026. (Doc. No. 14).

## II. Analysis

As the Court explained in its November 2, 2026 Memorandum Opinion and Order (Doc. No. 14), Grishina invokes § 1226(a), which allows for release or a bond hearing. (Doc. No. 12 at 1). Respondents oppose her release, arguing that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 11 at 4). Section 1225(b)(2)(A) states:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C.A. § 1225. Respondents' argument rests on the premise that aliens placed in § 1229a removal proceedings are both applicants for admission as defined in 8 U.S.C. § 1225(a)(1) and aliens "seeking admission," as contemplated in 8 U.S.C. § 1225(b)(2)(A), and thus are subject to mandatory detention under § 1225(b)(2)(A). (Doc. No. 11 at 4). This argument directly contradicts the analysis and holding of the Sixth Circuit Court of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), which is a published opinion of the Court, that this Court must follow. In Lopez-Campos, the Sixth Circuit specifically held that an "applicant for

admission" is not necessarily "seeking admission." 175 F.4th at 732. This is because the text of the statute demonstrates that for a noncitizen to be "seeking admission," the noncitizen must be "actively in search of lawful entry into the United States via inspection and authorization by an immigration officer." 175 F.4th at 723. Thus, aliens already present within the interior of the United States are detained under § 1226, and "§ 1225(b)(2)(A)'s mandatory detention scheme does not apply to them." Id.

Respondents argue that Lopez-Campos has no bearing on this case because 8 U.S.C. § 1225(b)(2)(A) states that "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceedings under 8 U.S.C. § 1229a[.]" Respondents then state that the Lopez-Campos reasoning is not applicable to Grishina based on § 1225(b)(2)(A). Tellingly, however, Respondents do not cite any cases that support their point. Rather, Respondents cite cases not on point. Jennings v. Rodriguez, 583 U.S. 281 (2018), for example, addresses whether the Immigration and Nationality Act ("INA") required the government to give immigrants bond hearings who were detained for more than six months pending their removal proceedings. Respondents also cite Blanche v. Lau, 609 U.S. 1 (2026), which involved a noncitizen who was classified as an applicant seeking admission by the border officer after temporarily leaving the United States and seeking to return, while charged with trademark counterfeiting. Neither of these cases deal with what statute applies to a noncitizen who has been in the interior of the United States for several years.

Lopez-Campos is on point and controlling. First, the Court in Lopez-Campos already rejected Respondents' argument:

> Even if Petitioners' desired immigration relief was a form of "seeking admission," the government's alternative argument would abut against § 1225(b)(2)(A)'s text.

> Section 1225(b)(2)(A) applies to applicants for admission only after "the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). But for noncitizens like Petitioners who are within the interior, these claims for relief are typically presented before and resolved by an immigration judge, who is expressly not an immigration officer.

175 F.4th at 729 (citations omitted). Here, Grishina sought permission to enter in 2023, and lived in the interior of the United States for three and a half years. Her claim for asylum was decided by an immigration judge, who is not an immigration officer, prior to her recent detention. When Grishina was detained, she was physically present in the interior of the country and was contesting her removal through a BIA appeal rather than an immigration officer at an inspection point. (Doc. No. 11 at 4). Thus, as the Court in Lopez-Campos stated, "Section 1225(b)(2)(A) would not apply to noncitizens in this alternative scenario." 175 F.4th at 729. Section 1225(b)(2)(A) does not apply to Grishina either.

Second, even if the Court were to find that § 1225(b) is the appropriate statute to analyze Grishina's claim, Due Process requires the Court to order that she receive a detention hearing. Respondents argue that Grishina's due process claim fails because "with the expiration of parole, she is now treated 'as if stopped at the border' despite being 'paroled elsewhere in the country for years.'" (Doc. No. 10 at 6) (quoting Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020)). However, Thuraissigiam involved the due process rights of a noncitizen seeking initial entry at the border, not someone who has resided in the United States for years, like Grishina. To be sure, in Lopez-Campos, the Court observed its "understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings." 175 F.4th at 735. A bond hearing is required in this case.

## III. <u>Conclusion</u>

For the reasons stated above, the writ of habeas corpus requested by the Petitioner, Svetlana Grishina, is **GRANTED**. Grishina's civil administrative detention is governed by 8 U.S.C. § 1226(a), as mandated by Lopez-Campos. Respondents are permanently **ENJOINED** from re-detaining Grishina without bond under 8 U.S.C. 1225(b)(2)(A).

The Government shall file a Status Report with the Court no later than 4 p.m. CST on November 23, 2026 to certify compliance with this Order.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE